**STATE, DEPARTMENT OF TAXATION, Plaintiff, v. TOKMENKO, d. b. a. CARL'S DRIVE INN, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 68381. Decided October 22, 1959.

Robert F. Longano, Special Counsel, Cleveland, for Department of Taxation, State of Ohio.

Bernard B. Direnfeld, Morris Morgenstern, Cleveland, for receivers.

Alan M. Wolk, Cleveland, for defendant Alan M. Wolk.

Fred Livingstone, Cleveland, for Harriet Roth and Miriam Gale.

## OPINION

By J. J. P. CORRIGAN, J.:

Judgments totaling $2,618.42 were taken against defendant, Carl Tokmenko, by the State of Ohio, plaintiff, for sales tax deficiencies and execution caused to be issued by plaintiff upon said judgments has been returned by the Sheriff wholly unsatisfied.

Then on July 23, 1959, plaintiff filed a motion for the appointment of receiver and equitable relief in this case. The motion is verified by Special Counsel for the Department of Taxation, State of Ohio. It is set forth in said motion in part that:

"* * *; plaintiff further says that defendant is insolvent and unable

to pay his creditors in full, or to pay them as their claims become due and defendant is disposing of, concealing and will continue to dispose and conceal his assets, unless restrained by this Court, all for the purpose of defrauding his creditors and evading payment of his debts.

"Plaintiff further says that defendant has accounts receivable due and owing to him and that considerable sums of money come into his possession and control each day, all of which are necessary to be subjected to the payment of his indebtedness to the plaintiff; that in order to preserve the assets, accounts receivable and monies and prevent undue loss, sacrifice and concealment thereof, it is necessary that a receiver be appointed of the property, assets and business conducted by the defendant, to take charge thereof, reduce the cost of conducting said business, account for all monies coming into defendant's possession and control, and to continue said business for a reasonable time in order to facilitate the liquidation of any assets which may reasonably be sold, and to pay the indebtedness of the defendant; that unless such receiver is appointed and the business and assets of the defendant administered as aforesaid, great loss will be occasioned to the plaintiff, for which it can have no remedy at law."

The Court appointed a receiver on August 1, 1959, and on August 27, 1959, the receiver filed an inventory and schedule of debts. The inventory and appraisal of assets totaled $1,266.75 and the schedule of debts totaled $46,689.60.

On September 2, 1959, the receiver filed a motion to terminate the receivership which was granted on September 4, 1959.

This Court appointed a receiver upon the application of plaintiff for the reasons stated in plaintiff's motion. By this act, the Court pledged its faith to the payment of the expenses of the receivership. Plaintiff stated in its motion for a receiver that defendant was insolvent but further stated that defendant had accounts receivable due and owing to him and that considerable sums of money come into his possession each day and that a receiver was necessary in order to preserve the assets, accounts receivable, and monies. Such facts did not appear in the operation of the receivership. It develops that the assets listed in the receiver's inventory are now claimed by Alan M. Wolk, who filed objections to instructions to the receiver and states that he leased all or a large part of this equipment to the defendant.

This Court feels that it must, under the special circumstances in this case, redeem its pledge where no fund has been brought into Court, by looking to the party at whose instance and upon whose showing it was induced to undertake the operation of the property through a receiver. It would be inequitable to do otherwise. Property cannot be administered by the Court without expense. The Court should not order expenses to be incurred that it has no intention of seeing paid. When the Court places a receiver in charge of property on representations made to it by a complainant with orders to contract such indebtedness as appears needful, it is to be presumed that reliance shall be placed upon the Court for the payment of this indebtedness and the receiver's expense. It is the opinion of this Court, under the circumstances in this case, that this Court has the right to look beyond the property ad-

ministered upon, where it fails to produce a fund, to the plaintiff who applied for the receiver.

Accordingly, for the foregoing reasons, the motion of plaintiff to reconsider and remove fees taxed to the plaintiff is overruled. A journal entry will be prepared to this effect.